L. P. BLACK v. THE STATE.

No. 11687.   Delivered October 3, 1928.
Rehearing denied January 23, 1929.

The opinion states the case.

*W. E. Martin* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession for the purpose of sale of liquor capable of producing intoxication, namely, beer; punishment fixed at confinement in the penitentiary for one and one-half years.

In two bills of exceptions complaint is made of the receipt in evidence of testimony to the effect that the liquid possessed by the appellant was capable of producing intoxication. This complaint is based upon the proposition that the indictment does not charge the liquor possessed to be either malt, spirituous or vinous. The complaint is not regarded as sound. The subject was given attention in Tucker's case, 94 Tex. Crim. Rep. 505, to which reference is made. This case has been followed in numerous instances, as shown by Shepard's Texas Citations, Supplement for August, 1928, p. 108. It might be added that the evidence showed without dispute that the liquor was "beer," which is a known intoxicating liquor. Therefore the receipt of other proof of that fact manifestly was harmless. See Moreno v. State, 64 Tex. Crim. Rep. 660; Eubank v. State, 104 Tex. Crim. Rep. 632.

From the testimony it appears that two officers, Jennings and Yarbrough, made two purchases of beer from the appellant at his home in Nolan County, paying him therefor upon one occasion $2.00 and on the other, $1.00. The appellant testified that he made beer; that he made it to drink, to give away to his friends and to sell. He said that he did sell it on the occasion mentioned and that he had sold it upon other occasions. According to his testimony, he lived about two miles from Trent, Texas, and had lived in that part of the country about nine days at the time of his arrest. He was a

carpenter and worked in that capacity at Trent; that he had many friends there; that many of them came to his house and drank beer, and that he would sell it whenever any one wanted to buy it. He said he had resided in Texas for about three years.

The wife of the appellant testified that at the time of her husband's arrest, they were living in a little settlement called White Flat, which was between Sweetwater and Trent. She said that she had been aware of the fact that her husband was making and selling beer and that it had been a source of worry to her and that she had remonstrated with him; that it was contrary to her advice.

In his closing argument to the jury, the State's Attorney made the following statement:

"Gentlemen of the Jury: If L. P. Black had quit this kind of business when he left Trent and came to White Flat he would not have got into this trouble with the Nolan County Officers."

Notwithstanding the objection was sustained and the jury instructed by the court to disregard the remark, it is relied upon for a reversal. In the objection to the argument it is urged that the remark brought into the case an offense committed at Trent before the appellant's removal to Nolan County. The evidence fails to disclose, and this court has no judicial knowledge that Trent is in Taylor County, and certainly the argument quoted in the bill makes no reference to Taylor County. See Fuller v. State, 2 S. W. (2nd series) 241. The testimony to which reference has just been made by both the appellant and his wife shows that he had resided at Trent before he moved to a place called White Flat, which seems to have been about two miles from Trent, but, as stated above, was not shown to have been in a different county. The opinion is expressed that in the light of the record the occurrences set forth in the bill are not such as authorize a reversal of the judgment.

No errors appearing, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The record in this case shows that appellant had lived at the place in Nolan county where this sale was made, only nine days at the time,—and that prior to moving to said place he had lived at Trent, in Taylor county. Appellant said that to make the home brew he was charged with selling, he bought malt and sugar, put the same in a crock with yeast and let it stand several days, then put it up in bottles. He further admitted that he had been selling the product, and that he kept it for sale. He also said

that people came from Trent to sit around and drink this decoction, and that he would sell it to any one who wanted to buy. Appellant's wife testified that his making this stuff was a great worry to her; that she was not in favor of his selling it at their home. In this condition of the record we find ourselves not in accord with the contention that the argument of State's attorney, set out in our original opinion, was without justification, or that same brought into the case and put before the jury the inference without warrant that appellant had been doing the same thing in Taylor county, and therefore was engaged in the business of making and selling intoxicating liquor. The entire testimony supports the conclusion that appellant was engaged in the making and promiscuous selling of the intoxicating liquor in question, and that he not only sold it in Nolan county, to which he had so recently moved, but that his neighbors and friends in Taylor county came to his new place to drink with him there. That his making the liquor was not a casual matter or an infrequent occurrence will be concluded from his wife's testimony that she had been worried over the matter and was opposed to his making and selling it at home.

We believe the motion to be without merit, and same is overruled.

*Overruled.*